UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | |
|---|---|
| KELCEY WATSON #179087 | PETITIONER |
| VERSUS | CIVIL ACTION NO. 5:23-CV-33-KS-RPM |
| BURL CAIN | RESPONDENT |

## REPORT AND RECOMMENDATION

Kelcey Watson filed on May 1, 2023, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Watson currently is in the custody of the Mississippi Department of Corrections serving a 25-year sentence following his guilty plea to second-degree murder. Doc. [6-1]. An Adams County grand jury originally indicted Watson on charges of armed robbery, first-degree murder, and attempted murder. Doc. [7-1] at 11-12. In the factual basis at the plea hearing, the prosecution stated that Watson and his co-defendants planned to steal marijuana from Clifford Barnes. During the incident, Barnes was shot and killed. Watson's DNA was found on the murder weapon. *Id.* at 74-77. Ultimately, Watson pleaded guilty to the lesser included offense of second-degree murder; and in exchange the prosecution abandoned the remaining charges. *Id.* at 51-55, 58, 74, 77. The Adams County Circuit Court entered a sentencing order on August 31, 2017. Doc. [6-1]. Watson filed his first motion for post-conviction relief in state circuit court on November 6, 2019. Doc. [6-2]. The circuit judge denied the motion on June 12, 2020. Doc. [6-3]. The Mississippi Court of Appeals affirmed the circuit court's decision. *Watson v. State of Mississippi*, 337 So.3d 672 (Miss.Ct.App. 2022). In its decision, the court of appeals rejected Watson's various claims, including his claim that the circuit judge should have recused herself from consideration of his post-conviction proceeding. *Id.* at 674.

In his § 2254 petition, Watson claims (1) he was denied due process because the state court judge who reviewed his motion for post-conviction relief was employed by the district attorney's office at the time of his indictment; and (2) the "lower court judge" abused her discretion when she denied Watson's motion for post-conviction relief. Doc. [1] at 5-7. Pending before the Court is Respondent's motion to dismiss Watson's petition as time-barred by the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year limitation period. Doc. [6].

## Law and Analysis

28 U.S.C. § 2244 of the AEDPA provides, in relevant part, that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The state circuit court sentenced Watson pursuant to his guilty plea on August 31, 2017. By statute, there is no direct appeal from a guilty plea in Mississippi. *See* Miss. Code Ann. § 99-35-101. Accordingly, Watson's conviction became final when the time for seeking direct review

expired. *Roberts v. Cockrell*, 319 F.3d 690, 693-94 (5th Cir. 2003). Allowing for time to file a petition for writ of certiorari, Watson's judgment became final for purposes of the AEDPA on November 29, 2017—90 days after the trial court sentenced him pursuant to the guilty plea. *See Wallace v. State of Mississippi*, 43 F.4th 482, 497-500 (5th Cir. 2022). In other words, absent any statutory or equitable tolling, Watson's deadline to file a timely § 2254 petition was November 29, 2018. Watson did not file the instant petition until May 1, 2023 (with a signature date of April 20, 2023), more than four years too late.

Watson challenges the fairness of the post-conviction proceeding because the presiding judge worked for the district attorney's office at the time of his 2017 conviction. Watson could not have known the factual predicate of his bias claim against the circuit court judge until he filed the motion for post-conviction relief in 2019. Nevertheless, Watson's allegation of judicial bias in the post-conviction proceeding does not relate to his underlying conviction and sentence. A federal habeas petition is not the proper vehicle for addressing alleged errors in the state post-conviction review process. *See Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995). "[E]rrors in a state habeas proceeding cannot serve as a basis for setting aside a valid original conviction." *Nichols*, 69 F.3d at 1275. Because Watson's allegation of judicial bias fails to state a valid habeas claim, it does not qualify as a factual predicate under 28 U.S.C. § 2244(d)(1)(D) for determining when the limitation period begins to run.

**Statutory Tolling**

Watson filed his first motion for post-conviction relief in state court on November 6, 2019 (with a signature date of October 25, 2019), almost a year after the AEDPA's one-year limitation period had expired. Accordingly, his motion for post-conviction relief did not serve to

3

toll the limitations period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that "a state habeas application did not toll the limitation period under section 2244(d)(2) because it was not filed until after the period of limitation had expired").

**Equitable Tolling**

Although Watson is not entitled to statutory tolling, the Supreme Court has recognized that, in appropriate cases, the limitations period may be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 649-54 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 649. Equitable tolling is available if the petitioner is actively misled about the cause of action or is prevented in some extraordinary way from asserting his rights. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002). Watson bears the burden of demonstrating he is entitled to equitable tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

In his pleadings, Watson argues he should be entitled to equitable tolling because of prison lockdowns, transfers to other facilities, loss of legal papers, inability to receive legal assistance, and COVID-19. He submitted affidavits from his mother and grandmother indicating they received phone calls from Watson complaining about lockdowns, not being allowed to have legal papers, and not receiving legal mail in a timely fashion. Watson's pleadings and the affidavits do not provide any specific dates or timelines; nor do they refer to any specific legal papers or legal mail. They merely argue in a general and conclusory fashion that Watson was hindered in his efforts by various, ordinary obstacles of prison life.

Although he offers an array of excuses for his untimely filing, Watson provides no facts to suggest he was pursuing his rights diligently during the one-year limitation period. Routine

4

prison transfers, routine lockdowns, and limited access to the law library are not extraordinary circumstances and generally do not warrant equitable tolling. *See Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004); *Allen v. Johnson* , 602 F.Supp.2d 724, 727 (E.D.Va. 2009); *Hogg v. Sparkman*, No. 4:11CV148HTW-LRA, 2012 WL 3095578, at *2 (S.D.Miss. July 6, 2012). Likewise, a petitioner's unfamiliarity with the legal process and lack of representation during the applicable filing period does not merit equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). To invoke equitable tolling, a petitioner "must demonstrate a causal relationship between the extraordinary circumstance and his delay, a showing that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstance." *Smith v. Vannoy*, 848 F.App'x 624, 628 (5th Cir. 2021). Watson has not alleged specific facts showing that prison transfers, lockdowns, or his occasional lack of access to legal materials prevented him from filing a timely habeas petition. *See Allen*, 602 F.Supp.2d at 729. The COVID-19 pandemic also does not justify equitable tolling in this case. *See Young v. State of Mississippi*, No. 3:20-CV-736-TSL-RPM, 2021 WL 4190646, at *5 (S.D.Miss. Aug. 6, 2021). Mississippi's first reported case of COVID-19 did not occur until March 11, 2020. *Id.* at *4. Watson's deadline to file a timely habeas petition was November 29, 2018, long before COVID-19 became an issue.

In his petition, Watson asserts he was innocent of the crime of conviction and suggests he was not the shooter. Doc. [1] at 7. Actual innocence, if proven based on new evidence, permits a petitioner to bring a § 2254 petition despite expiration of the limitation period. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2014). "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id.* A habeas

5

petitioner who seeks to surmount a procedural default through a showing of "actual innocence" must support his allegations with "new, reliable evidence" that was not presented in the underlying proceedings and must show that it was more likely than not that, in light of the new evidence, no fact finder, acting reasonably, would have found the Petitioner guilty beyond a reasonable doubt. *See Schlup v. Delo*, 513 U.S. 298, 326-27 (1995). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623-24 (1998).

Watson pleaded guilty under oath to the crime of conviction. Doc. [7-1] at 71-77. He admitted, through counsel, to being involved in the shooting incident with his co-defendants. *Id.* at 74-77. Genetic testing and ballistics evidence linked Watson to the shooting. *Id.* at 76-77. Watson has not presented new, reliable evidence demonstrating actual innocence. Watson knew or should have known at the time of his guilty plea whether he was the shooter and/or whether he was involved in the criminal conduct. *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008) (holding evidence is not "new" if "it was always within the reach of [petitioner's] personal knowledge or reasonable investigation"). Based on the foregoing, he is not entitled to tolling under the actual-innocence exception.

**Evidentiary Hearing**

Watson has failed to identify any disputed facts that, if resolved in his favor, would entitle him to habeas relief. Accordingly, his request for an evidentiary hearing should be denied. *See Norman v. Stephens*, 817 F.3d 226, 235 (5th Cir. 2016). Based on the foregoing, the undersigned finds Watson has failed to meet his burden to demonstrate entitlement to equitable tolling; therefore, his petition is barred by the AEDPA's one-year limitation period.

**RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Respondent's [6] Motion to Dismiss be GRANTED and that Kelcey Watson's 28 U.S.C. § 2254 petition for writ of habeas corpus be dismissed with prejudice as time barred and without an evidentiary hearing.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 7th day of December 2023.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE