IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**KELCEY WATSON # 179087**     **PLAINTIFF**

**VS.**     **CIVIL ACTION NO. 5:23-cv-033-KS-RPM**

**BURL CAIN**     **DEFENDANT**

### ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION AND DISMISSING CASE WITH PREJUDICE, ETC.

This cause is before the Court on Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent Burl Cain filed a Motion to Dismiss [6] which was responded to by Petitioner [9]. On December 7, 2023, Judge Rob Myers filed a Report and Recommendation [12]. The Court has reviewed the Report and Recommendation [12] and Respondent's reply to Petitioner's Response to Motion to Dismiss [10]. Judge Myers' R&R went through the law and analysis of the AEDPA. The primary basis for the Motion to Dismiss was that the one-year statute of limitations has expired and that the petition should be dismissed. In addition to going through the counting of the days and the dates for each, Judge Myers went through the requirements for statutory tolling, equitable tolling, and request for an evidentiary hearing. He clearly and succinctly stated the reasons that equitable tolling and statutory tolling do not apply and therefore, an evidentiary hearing was not necessary.

In his Response to the Motion to Dismiss, the Petitioner stated some reasons that he claimed delayed his filing of his petition. Judge Myers went through each one and found that it was not sufficient to raise an issue of fact.

I.     STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997).  No factual objection is raised when a petitioner merely re-urges arguments contained in the original petition.  *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## II. PETITIONER'S OBJECTIONS AND THE LAW AND ANALYSIS

Judge Myers completely rejected the reasons stated the by the Petitioner to overcome the running of the statute of limitations.  The dates and times of the pleading clearly indicate that the Petitioner did not timely move his case forward and it is further clear that the one-year statute of limitations has expired.  This Court has reviewed the evidence and has applied the AEDPA and finds that the analysis of Judge Myers is correct, and that the statute of limitations has run. The Petition is barred by the one-year statute of limitations under the AEDPA.

## 3. CONCLUSION

As required by 28 U.S.C. §636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised in the objection. For the reasons set forth above, this Court concludes that Watsons' Objections lack merit and should be **overruled**. The Court further concludes that the proposed Report and Recommendation is an

accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves, and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is ordered that United States Magistrate Judge Rob Myer's Report and Recommendation is accepted  pursuant to 28 U.S.C. §636(b)(1) and that Kelsey Watsons' claim is DISMISSED WITH PREJUDICE. All other pending motions are DENIED AS MOOT.

SO ORDERED, this the  2nd   day of  February 2024

    /s/Keith Starrett
SENIOR UNITED STATES DISTRICT JUDGE